**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

L. T. TUCKER, JR.,

Petitioner,

Case No. 1:25-cv-11409

v.

District Judge Michael C. Martin

BRYAN MORRISON,

Respondent.

_______________________________/

**OPINION AND ORDER SUMMARILY DISMISSING CASE WITH PREJDUICE**

Michigan prisoner L.T. Tucker Jr., ("Petitioner") is confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the integrity of his prison misconduct proceedings. (ECF No. 1.) Petitioner has not demonstrated that he is in custody in violation of the Constitution; therefore, the Court must dismiss his Petition. Because reasonable jurists would not disagree with the Court's decision, and an appeal would not be taken in good faith, this Court will deny a certificate of appealability and deny Petitioner leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Petitioner is presently serving multiple life sentences for his Wayne County jury-based convictions of second-degree murder. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/4P9J-SHV9. In his petition, Petitioner is "not challenging his conviction or sentence." (ECF No. 1, PageID.2.) Rather, Petitioner challenges Respondent's alleged pattern of unconstitutional practices in adjudicating misconduct tickets. (*Id*. at PageID.1.) Specifically, Petitioner "seeks a writ of habeas corpus to inquire into the cause of his unlawful restrain of liberty interest by the respondent . . . ." (*Id*. at PageID.3.) Petitioner claims Respondent has been using "arbitrary and capricious" practices and procedures, rendering the adjudication of his misconduct tickets unfair and in violation of his due process rights. (*Id*. at PageID.3.) Petitioner identifies various proceedings that he claims were adjudicated unfairly. (*See id*. at PageID.4-9.) He does not state whether any of the misconduct proceedings resulted in a loss of "good time" credits or privileges, nor does he provide the results of any of the hearings identified in the Petition. He seeks an order to show cause why this petition should not be issued, an order for evidentiary hearing, an order expunging his misconduct reports and related documents, and an order scheduling oral argument. (*Id*. at PageID.8.)

## II. STANDARD

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## III. DISCUSSION

This Court must "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A proper habeas corpus application challenges "the fact or duration of . . . physical confinement itself," it seeks "immediate release or a speedier release from that confinement . . . ." *Preiser v.*

*Rodriguez*, 411 U.S. 475, 498 (1973). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, . . . and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S.749, 750 (2004) (citations omitted).

Here, Petitioner neither challenges his conviction or sentence, nor seeks immediate release from custody. Instead, Petitioner challenges the integrity of his prison misconduct proceedings. While there are circumstances where a prison disciplinary proceeding might affect the duration of confinement by forfeiting "good-time" credits, *see Wolff v. McDonnell*, 418 U.S. 539 (1974), misconduct convictions in Michigan do not presently have that effect. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id*. at 440.

Building on this ruling, in *Nali v. Ekman*, 355 Fed. Appx. 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 Fed. Appx. at 912; *accord Taylor v. Lantagne*, 418 Fed. Appx. 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010), adopted as judgment of court, 2011 WL 5491196 (Jan. 4, 2011). Because Petitioner's misconduct proceedings have affected neither the fact nor the duration of his confinement, the petition does not raise issues cognizable on habeas review, and it must be dismissed.

Additionally, while a habeas corpus petition may, in some circumstances, be used to challenge prison conditions "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody," *Preiser*, 411 at 499, Petitioner has not alleged that "additional and unconstitutional restraints" were imposed on him as a result of any of the misconduct proceedings.

In short, Petitioner concedes that he is not attacking the fact or length of his imprisonment, and he has not alleged that he lost any good-time or disciplinary credits as a result of the misconduct proceedings. He therefore cannot challenge his misconduct tickets and any sanctions in this habeas corpus action. Accordingly, the Habeas Corpus Petition (ECF No. 1) will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal this Order, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition, *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002), it "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," § 2254 Rules, Rule 11(a).

Petitioner will be denied a certificate of appealability because he has not demonstrated "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" or "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Wright v. Shaver*, 606 F. Supp. 3d 724, 732 (E.D. Mich. 2022) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)).

And an appeal of this Order would not be in good faith because Petitioner's arguments against it would have no merit. *See* FED. R. APP. P. 24(a); *see Royster v. Warden*, *Chillicothe Corr. Inst.*, No. 17-3205, 2017 WL 8218911, at *2 (6th Cir. Sept. 29, 2017). Consequently, Petitioner may not appeal in forma pauperis. 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/ Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Dated: October 27, 2026